Mr. Justice Figueras did not sit at the hearing of this case.

---

PUIG ET AL. *v.* SUCCESSION OF POLANCO.

APPEAL from the District Court of Humacao.

No. 504.—Decided November 12, 1910.

PRESCRIPTION—ACQUISITION OF OWNERSHIP—EXTINCTION OF ACTIONS.—Where the ownership of property is acquired by prescription the legal consequence is that all the actions which the person claiming the ownership thereof might have had with regard to the property are likewise extinguished.

APPEAL—RIGHTS OF THE APPELLANT—QUESTIONS RAISED BY THE RESPONDENT.— Where an appeal is taken by the defendant, the appellate court can discuss and decide only such questions as are raised by the appellant, as it is a well-established rule that courts of appeal will examine only the errors pointed out by the appellant, and that the errors alleged by the respondent to have been committed by the trial court will not be taken into consideration.

The facts are stated in the opinion.

*Mr. Antonio Sarmiento* for appellants.

*Mr. José de Guzmán Benítez* for respondents.

MR. JUSTICE MacLEARY delivered the opinion of the court.

This is an appeal taken by the defendants on December 2, 1909, from a judgment rendered by the District Court of Humacao on November 3, 1909, in suit No. 833 of the docket of said court. It appears from the record that the following proceedings were prosecuted in the case:

Under date of March 6, 1906, Carmen Puig, widow of Orrach, and Monserrate Orrach y Puig, filed a complaint before the District Court for the Judicial District of Huamacao against the Succession of Jacinto Polanco y Delgado, praying the court to render in due time a judgment containing the following rules:

First. Declaring null and void the public sale, adjudication and deed of sale of the 100 *cuerdas* of land described in

the complaint, for the reason that said acts are illegal and fraudulent and which acts took place in the Court of First Instance of Caguas, in favor of Jacinto Polanco y Delgado, as a consequence of the compulsory proceedings which in said court were prosecuted against Guillermo Orrach Cañellas under the dates and in the manner indicated herein; and declaring, likewise, null and void all the inscriptions originated by the aforesaid public sale in favor of Jacinto Polanco y Delgado in the Registry of Property at Caguas.

Second. Declaring, also, null and void the deeds of bargain and sale of the same 100 *cuerdas* of land, which deeds were executed by Jacinto Polance y Delgado in favor of a cousin of his known by the name of Malé Delgado; as well as the deeds that may have been executed by the said Malé Delgado, in favor of another person or persons, so as to restore the property to the Succession of Polanco, and the records of the conveyances of ownership that may appear in the registry of property.

Third. Condemning the Succession of Jacinto Polanco y Delgado to restore the property of 100 *cuerdas* of land abovementioned, and the profits of natural and industrial products derived therefrom, since April 4, 1867, amounting to $30,000, to the plaintiffs and the other members of the Succession of Guillermo Orrach Cañellas, to the exclusion of Guillermo Orrach y Puig.

Fourth. Condemning the defendant succession, in case the restitution of the property should not be deemed proper, to indemnify the plaintiffs and the other persons mentioned herein, in the sum of $15,000, which is the present value of the 100 *cuerdas* of land in question.

Fifth. Condemning, besides and at all events, the defendant sucession to pay the plaintiffs and the other heirs of Guillermo Orrach y Cañellas, to the exclusion of Guillermo Orrach y Puig, the sum of $30,000, as compensation for the damages caused to them by being dispossessed of the 100 *cuerdas* of land referred to, by means of the frauds and ille-

galities committed by the assignor of the defendants, Jacinto Polanco, in conspiracy with the persons indicated in the complaint; and

Sixth. Condemning the defendants to the payment of the costs.

On answering the complaint, the defendant succession alleged among other exceptions that of the prescription of the ownership of the property in question in favor of the defendants and their assignor; and the court, after having heard the evidence and the pleadings of the parties, rendered judgment on November 3, 1909, ordering that the plaintiffs recover from the defendants—that is to say, the Succession of Jacinto Polanco—the sum of $2,695, together with the costs of the proceedings, in accordance with the opinion on which the judgment referred to is based.

In said opinion the lower court declares that the ownership of the 100 *cuerdas* of land has been strengthened by the acquisitive prescription in favor of the defendant heirs of Polanco, who have possessed the said land for more than 10 years in good faith and by a just title of inheritance while the plaintiffs were present; and that the ownership had also prescribed in favor of Polanco, even if it were admitted that he had not possessed the land in good faith; for, the possession commenced in 1867, and has not been interrupted since said year. But, the court itself maintains that although the plaintiffs cannot recover the ownership of the property, which is already lost through prescription, they have a right to receive as indemnity the portion belonging to them of the difference between the price of the property at the time it was acquired by Polanco at auction and the present value of the same; this being the reason why the plaintiffs are to recover from the defendants the sum of $2,695 stated in the judgment.

From the aforesaid judgment the defendants took an appeal to this Supreme Court, requesting in their brief the reversal of said judgment and the dismissal of the complaint, with the costs against the plaintiffs.

We concur in the consideration made by the lower court of the evidence relating to the acquisition on the part of the defendant succession of the ownership of the property by prescription; and if said succession has acquired such ownership by prescription, then the legal consequence is that all the actions which the plaintiffs might have with regard to the property involved have disappeared, no matter what the supposed origin or the name of such actions may be. Those rights, of whatever kind, would be derived from the ownership, and if the latter has become extinct by prescription, then said rights cannot have any legal existence.

Inasmuch as our task is limited to discussing and deciding the appeal taken by the defendant succession, it is impossible to discuss questions that cannot be raised by the respondent, except for the support and defense of an appeal taken by said party. It is incumbent upon the appellants to oppose the judgment requesting the total or partial reversal of the same; and it is incumbent upon the respondents to sustain the correctness of said judgment and to request the affirmation thereof; for the respondents cannot exercise rights which exclusively belong to the appellants.

It is a well-established rule that courts of appeal will examine only the errors pointed out by the appellant (*Jackson* v. *F. R. W. Co.,* 14 Cal., 22); and that the errors alleged by the respondent to have been committed by the lower court will not be taken into consideration (*Poppe* v. *Athearn,* 42 Cal., 606).

For the reasons stated we are of the opinion that it is proper to reverse the judgment from which the appeal is taken and to dismiss the complaint, with the costs against the plaintiff.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras did not sit at the hearing of this case.